UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN CAMACHO,

     Petitioner,

v.                                                                    Case No. 8:26-cv-1572-JLB-LSG

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

Petitioner Stephen Camacho, a Florida prisoner, filed a Petition Under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody

(Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and a Motion

to Stay and Hold in Abeyance (Doc. 3).  Upon consideration, it is **ORDERED**

that:

1. The Application to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

The denial is without prejudice to Mr. Camacho filing, within forty-five days,

a completed amended application that provides the required certificate and

six-month account statement (*see* Section VII, ¶¶ 3, 4).  Failure to timely file

the amended application will result in dismissal of this action without further

notice.

1

2. The Motion to Stay and Hold in Abeyance (Doc. 3) is **GRANTED**.[1] This case is **STAYED** pending the resolution of Mr. Camacho's post-conviction proceedings in state court. Mr. Camacho must act diligently in exhausting his state remedies.[2] Failure to do so may result in the court lifting the stay. Therefore, Mr. Camacho is **DIRECTED** to file a status report, describing the progress of his state court proceedings, within ninety days from the date of this Order, and file status reports every ninety days thereafter until his state court proceedings are concluded. **Failure to timely file the status reports will result in dismissal of this action without further notice**. Finally, Mr. Camacho is directed to file in this Court, within sixty days after the state court post-conviction proceedings are completed, a motion to lift the stay and an amended petition for writ of habeas corpus.

3. The Clerk of the Court is directed to **ADMINISTRATIVELY**

---

[1] In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court may stay a mixed petition where there was good cause for the petitioner's failure to exhaust claims in state court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.*, at 277-78. The Court finds that there is good cause for Mr. Camacho's failure to exhaust the claims, there is no indication that he has engaged in dilatory tactics, and the unexhausted claim (*see* ineffective assistance of counsel claim at Doc. 1, Ground One) appears to be potentially meritorious.

[2] Mr. Camacho is cautioned that "the filing of a petition for habeas corpus in federal court does not toll the [federal] statute of limitations . . . ." *Rhines*, 544 U.S. at 274–75. Only a "properly filed" application for State post-conviction review tolls the federal statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) (per curiam) (stating only a "properly filed" petition can toll the limitations period).

**CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on June 2, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE